**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

In Re: B.K.

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 13-0455 (Barbour County 12-JA-4)

**MEMORANDUM DECISION**

Petitioner Mother filed this appeal, by counsel Chaelyn Casteel, from the Circuit Court of Barbour County, which terminated her parental rights by order entered on April 2, 2013. The guardian ad litem for the child, Karen Johnson, filed a summary response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, also filed a summary response in support of the circuit court order. On appeal, Petitioner Mother argues that the circuit court erred in terminating her parental rights and in terminating her post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2012, the DHHR and the maternal grandparents filed a joint petition for abuse and neglect. The petition alleged that Petitioner Mother exposed the child to domestic violence, created a risk of injury to the child, and was unable to properly care for the child. The circuit court granted physical custody of the child to the maternal grandparents. In June of 2012, Petitioner Mother entered into a stipulated adjudication and admitted that her child was in danger due to her fighting with the biological father and the domestic violence with the maternal grandmother in the presence of the child. In December of 2012, the circuit court granted Petitioner Mother a six-month post-adjudicatory period.

However, in February of 2013, the guardian ad litem filed a motion to revoke Petitioner Mother's post-adjudicatory improvement period for failing to benefit from the services, failing a drug test, and claiming to a service provider that she had done nothing wrong and did not need services. Following a hearing on the guardian ad litem's motion, the circuit court terminated Petitioner Mother's post-adjudicatory improvement period for failing to comply with the terms of her improvement plan. In addition, the circuit court held that Petitioner Mother abandoned her child. The circuit court terminated Petitioner Mother's parental rights by order entered on April 2, 2013. The circuit court concluded that Petitioner Mother has done nothing to correct her behavior, failed to visit her child, does not have the capacity to care for her child, and that there

1

is no reasonable likelihood that the deficiencies could be substantially corrected in the foreseeable future. It is from this order that Petitioner Mother appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner Mother raises two assignments of error on appeal. First, Petitioner Mother argues that the circuit court erred in terminating her parental rights rather than ordering a less drastic disposition, such as placing the child with the maternal grandparents. Petitioner asserts that she has a bond with her child and that it is not in the child's best interest to terminate her parental rights. Second, Petitioner Mother argues that the circuit court erred in terminating her post-adjudicatory improvement period. Petitioner Mother contends that she was willing to participate in services and expressed her desire to continue services, even if she did not agree that she needed services.

Upon our review, the record indicates that the circuit court was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. West Virginia Code § 49-6-5(b)(3) states that a circumstance in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes situations where

[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

Petitioner Mother began receiving services as early as July of 2012. Petitioner Mother's case plan set forth the following services: adult life skills classes, individualized parenting classes,

supervised visitation, psychological assessment, and multidisciplinary team meeting attendance. Following a review hearing in which Petitioner Mother failed a drug test, she was further required to receive substance abuse treatment. A review of the record supports that Petitioner Mother failed to comply with the terms of her post-adjudicatory improvement period. Specifically, she failed to attend supervised visitation with her child, used drugs, and failed to appear at multidisciplinary team meetings and court proceedings. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

Second, the Court finds no error in the circuit court's decision to terminate Petitioner Mother's post-adjudicatory improvement period. Pursuant to West Virginia Code § 49-6-12(h), circuit courts are directed to "terminate any improvement period . . . when the court finds that respondent has failed to fully participate . . . ." Again, the record reflects that Petitioner Mother failed to participate in her services during her post-adjudicatory improvement period. Petitioner Mother did not participate in supervised visitations or have any meaningful contact with the child, did not attend multidisciplinary team meetings, did not attend court proceedings, did not participate in counseling, and used drugs. Furthermore, Petitioner Mother moved out of the area. Accordingly, we find no error by the circuit court in terminating Petitioner Mother's post-adjudicatory improvement period.

This Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement

3

alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: October 1, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II